**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| PINEY WOODS MOBILITY LLC, | |
| Plaintiff, | |
| v. | CASE NO. 2:26-cv-122 |
| SAMSUNG ELECTRONICS CO., LTD; SAMSUNG ELECTRONICS AMERICA, INC., | |
| Defendants. | |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Piney Woods Mobility LLC ("Piney" or "Plaintiff"), for its Complaint against Defendants Samsung Electronics Co., Ltd., ("Samsung Electronics") and Samsung Electronics America, Inc., ("Samsung Electronics America"), (referred to herein collectively as "Samsung" or "Defendants"), alleges the following:

**THE PARTIES**

1.    Plaintiff is a limited liability company organized and existing under the laws of the state of Texas, with a principal address at 1400 W Southwest Loop 323, Suite 50 #2090, Tyler, TX 75701.

2.    Upon information and belief, defendant Samsung Electronics Co., Ltd. is a corporation organized and existing under the laws of the Republic of Korea with a principal place of business at 129, Samsung-ro, Yeongtong-gu, Suwon-si, Gyeonggi-Do, Korea 443-742. On information and belief, Samsung Electronics designs, manufactures, and provides to the United States a range of digital consumer electronics, including devices that provide and exchange position data, such as smartphones, tablets, computers, and televisions. On information and belief, Samsung Electronics

is also involved in the design, manufacture, and provision of products sold by Samsung Electronics America.

3.      Upon information and belief, defendant Samsung Electronics America, Inc. is a corporation organized and existing under the laws of the state of New York, having an office at 6625 Excellence Way, Plano, Texas, 75023. On information and belief, Samsung Electronics America is a wholly owned subsidiary of Samsung Electronics.  On information and belief, Samsung Electronics America, collectively with Samsung Electronics, designs, manufactures, uses, offers for sale, sells, and/or imports into the United States a range of digital consumer electronics, including devices that provide and exchange position data, such as smartphones, tablets, computers, and televisions.  Samsung Electronics America may be served with process through its registered agent for service in Texas: C T Corporation System, located at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

4.      Defendants operate under and identify with the trade name "Samsung."  On information and belief, each of the Defendants directly or indirectly imports, develops, designs, manufactures, uses, distributes, markets, offers to sell, and/or sells products and services in the United Sates, including in this district, and otherwise purposefully directs activities to the same.  On information and belief, the Defendants have been and are acting in concert and are otherwise liable jointly, severally, or in the alternative for a right to relief with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences related to the making, using, importing into the United States, offering for sale or selling of at least one infringing product.

## JURISDICTION AND VENUE

5.      This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT                                                    2

6.      Subject matter jurisdiction is based on 28 U.S.C. § 1338, in that this action arises under Federal statute, the patent laws of the United States (35 U.S.C. §§ 1, *et seq.*).

7.      Each Defendant is subject to this Court's personal jurisdiction consistent with the principles of due process and/or the Texas Long Arm Statute.

8.      Personal jurisdiction exists generally over the Defendants because each Defendant has sufficient minimum contacts and/or has engaged in continuous and systematic activities in the forum as a result of business conducted within the State of Texas and the Eastern District of Texas.  Personal jurisdiction also exists over each Defendant because each, directly or through subsidiaries, makes, uses, sells, offers for sale, imports, ships, distributes, advertises, makes available, and/or markets products within the State of Texas and the Eastern District of Texas that infringe one or more claims of the Patents-in-Suit.  Further, on information and belief, Defendants have placed or contributed to placing infringing products into the stream of commerce, both directly and through intermediaries (including distributors, retailers, authorized dealers, sales agents, and other individuals or entities), knowing or understanding that such products would be sold and used in the United States, including in this District.

9.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) and/or 1400(b).  For example, Samsung Electronics maintains a regular and established place of business in this judicial district at 6625 Excellence Way, Plano, Texas 75023 and has committed acts of infringement in this judicial district.  As another example, Samsung Electronics America maintains a regular and established place of business in this judicial district at 6625 Excellence Way, Plano, Texas 75023 and has committed acts of infringement in this judicial district.

10.     Samsung has also not contested venue in this District.  *See, e.g.,* Answer ¶ 10, *Arbor Glob. Strategies LLC v. Samsung Elecs. Co.*, No. 2:19-cv-333, Dkt. 43 (E.D. Tex. Apr. 27, 2020);

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT                                          3

Answer ¶ 29, *Acorn Semi, LLC v. Samsung Elecs. Co.*, No. 2:19-cv-347, Dkt. 14 (E.D. Tex. Feb. 12, 2020).

11.   Venue is proper as to defendant Samsung Electronics Co., Ltd. in this judicial district under 28 U.S.C. §1391(c)(3) because, on information and belief, it is not resident of the United States and therefore may be sued in any judicial district.

## PATENTS-IN-SUIT

12.   Plaintiff is the sole and exclusive owner, by assignment, of United States Patent Nos.: (i) 8,712,441 (the '441 Patent); (ii) 9,031,581 (the '581 Patent); (iii) 9,185,522 (the '522 Patent); (iv) 9,253,616 (the '616 Patent);   (v) 9,615,204 (the '204 Patent); and (vi) 9,736,618 (the '618 Patent) (collectively, the Patents-in-Suit).

13.   By operation of law, the Patents-in-Suit were originally issued and exclusively vested to Mr. Richard Haney, as of their respective dates of issuance.  *See* 35 U.S.C. § 261; *Schwendimann v. Arkwright Advanced Coating, Inc.,* 959 F.3d 1065, 1072 (Fed. Cir. 2020); *Suppes v. Katti,* 710 Fed. Appx. 883, 887 (Fed. Cir. 2017); *Taylor v. Taylor Made Plastics, Inc.,* 565 Fed. Appx. 888, 889 (Fed. Cir. 2014). Thereafter, by way of written instruments, all rights, title, and interest in the Patents-in-Suit have been assigned to Plaintiff.  As such, Plaintiff has sole and exclusive standing to assert the Patents-in-Suit and to bring these causes of action.

14.   The Patents-in-Suit are valid, enforceable, and were duly issued in full compliance with Title 35 of the United States Code.

15.   The Patents-in-Suit family of patents has been cited over 1,000 times by all of the well-known industry leaders, including multiple citations from industry giants Samsung, Apple, Google, Microsoft, AT&T, T-Mobile, Verizon, Sprint, Virgin Mobile, Facebook, Amazon, Uber, Lyft, Lenovo, Motorola, Huawei, Boeing, Intel, Cisco, Sony, Dell, NEC, Siemens, Palm, Qualcomm,

Blackberry, Mitac, Xerox, IBM, HTC, Fujitsu, Hitachi, Nextel, Garmin, Kyocera, Alcatel, Mapquest, Here, Toyota, Ford, GM, Square, Allstate, State Farm, American Express, Capital One, BOA, USAA and Avaya.

16.    The Patents-in-Suit each include numerous claims defining distinct inventions.  No single claim is representative (for purposes of infringement or validity) of any other. Even a cursory review of the claims of the Patents-in-Suit reveals numerous patentably distinct elements which preclude any single claims from being viewed as representative.

17.    The priority date of the Patents-in-Suit is at least as early as April 4, 2005. The Patents-in-Suit generally relate to two way position information sharing technology.

18.    As of the priority dates, the inventions as claimed were novel, non-obvious, unconventional, and non-routine.  Indeed, the Patents-in-Suit overcame a number of specific technological problems in the industry and provided specific technological solutions, and in particular was ***foundational*** to the technology for two way position information sharing. The teachings of the invention, however, do not require development of new cell phone or PDA technology nor do they require development of new cellular communication infrastructure. The functionality implemented by the software of the invention utilizes existing platforms and infrastructure. *See* '441 Patent at 1:28-29, 2:50-54 and Fig. 2A (below).



**Fig. 1 - Fig. 2A of '441 Patent**

19. The claims of the Patents-in-Suit are patent eligible under 35 U.S.C. § 101, 102, 103, and 112, as reflected by the fact that three different Patent Examiners all agreed and allowed the Patents-in-Suit over extensive prior art as disclosed and of record during the prosecution of the Patents-in-Suit. *See Stone Basket Innov.,* 892 F.3d at 1179 ("when prior art is listed on the face of a patent, the examiner is presumed to have considered it") (citing *Shire LLC v. Amneal Pharm., LLC,* 802 F.3d 1301, 1307 (Fed. Cir. 2015)); *Exmark Mfg. v. Briggs & Stratton,* 879 F.3d 1332, 1342 (Fed. Cir. 2018).

20.    After giving full proper credit to the prior art and having conducted a thorough search for all relevant art and having fully considered the most relevant art known at the time, the United States Patent Examiners allowed all of the claims of the Patents-in-Suit to issue.  In so doing, it is presumed that Examiners used their knowledge of the art when examining the claims.  *See K/S Himpp v. Hear-Wear Techs., LLC,* 751 F.3d 1362, 1369 (Fed. Cir. 2014).  It is further presumed that Patent Examiners had experience in the field of the invention, and that the Patent Examiners properly acted in accordance with a person of ordinary skill.  *In re Sang Su Lee,* 277 F.3d 1338, 1345 (Fed. Cir. 2002).

21.    The claims of the Patents-in-Suit are novel and non-obvious, including over all non-cited art that is merely cumulative with the referenced and cited prior art.  *See* 37 C.F.R. § 1.56(b) (information is material to patentability when it is not cumulative to information already of record in the application); *see also AbbVie Deutschland GmbH v. Janssen Biotech,* 759 F.3d 4415, 1304 (Fed. Cir. 2014); *In re DBC,* 545 F.3d 1373, 1382 (Fed. Cir. 2008).  Likewise, the claims of the Patents-in-Suit are novel and non-obvious, including over all non-cited contemporaneous state of the art systems and methods, all of which would have been known to a person of ordinary skill in the art, and which were therefore presumptively also known and considered by the Examiners.  *See, e.g., St. Clair I.P. Consultants v. Canon, Inc.,* 2011 WL 66166 at *6 (Fed. Cir. 2011); *In re Sang Su Lee,* 277 F.3d 1338, 1345 (Fed. Cir. 2002); *In re Koninklijke Philips Patent Litigation,* 2020 WL 7392868 at *19 (N.D. Cal. 2020); *Standard Oil v. American Cyanamid,* 774 F.2d 448, 454 (Fed. Cir. 1985) (persons of ordinary skill are presumed to be aware of all pertinent prior art).

22.    The Patents-in-Suit have been in full compliance with 35 U.S.C. § 287 through either (1) actual notice with affirmative communication of a specific charge of infringement by a specific accused product or device or (2) providing constructive notice—i.e., appropriately marking its products.

*Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 950 F.3d 860, 864 (Fed. Cir. 2020) ("*Artic Cat II*"). Alternatively, the notice provisions do not apply because the patents are directed to methods and/or the patentee has never made or sold a patented article. *Id.*

## THE ACCUSED PRODUCTS

23.    Upon information and belief, and as shown below, Samsung makes, sells, advertises, offers for sale, uses, or otherwise provides, at a minimum, hardware, firmware, and software applications, together with the systems and backend components, that enable communication with and among customer devices, which provide location determination, transmissions to Samsung servers, server-side storage and processing, authorization and sharing controls, map display, and alert generation, covered by the Patents-in-Suit. These components include, but are not limited to, networks, servers, cloud-based infrastructure, and associated software, firmware, and applications operating over wireless and traditional communications networks used to implement and support the SmartThings ecosystem. Exemplary, but not limiting, products, systems and methods equipped with and that use the SmartThings ecosystem, include the SmartThings Find app and the following:

- Galaxy Smartphones, including, but not limited to:
  - S Series models — Galaxy S9, S10, S20, S21, S22, S23, S24, S25, etc.;
  - Note Series models — Galaxy Note 9, Note 10, Note 20, etc.;
  - Z Series models — Galaxy Z Fold (1/2/3/4/5/6), Z Flip (1/2/3/4/5/6), etc.;
  - A Series models — A10, A20, A50, A51, A52, A53, A54, A55, etc.;
  - M Series models;
  - F Series models;
- Galaxy Tablets, including, but not limited to:
  - Tab S Series — Tab S4, S5e, S6, S7, S8, S9, S10, etc.;
  - Tab A Series —Tab A 10.1, Tab A8, Tab A9, etc.;
  - Tab Active series models;
- Galaxy Smartwatches, including, but not limited to:
  - Galaxy Watch3 series models;
  - Galaxy Watch4, Watch5, Watch6, Watch7, Watch Ultra series models;
  - Galaxy Watch Active2 series and similar models;
- Galaxy Earbuds models, including, but not limited to:
  - Galaxy Buds+, Galaxy Buds Live, Buds Pro, Buds2, Buds2 Pro, Buds3, Buds3 Pro, etc.; and

- Galaxy SmartTag models, including, but not limited to, SmartTag, SmartTag+, SmartTag2, etc.

24.    Collectively, all the foregoing, including all configurations and augmentations thereof, are referred to herein as the "Accused Products."



**Fig. 2 - Screenshot of Samsung's Login and informational website for the SmartThings Find systems and methods offered, equipped and used with the Accused Products practicing the inventions of the Patents-in-Suit, available at https://smartthingsfind.samsung.com/login**

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT                                                    9



**Fig. 3 - Screenshot of Samsung's Login and informational website for the SmartThings Find systems and methods offered, equipped and used with the Accused Products, describing its two way position information sharing ("Share your location with others") and practicing the inventions of the Patents-in-Suit, available at https://smartthingsfind.samsung.com/login**

## COUNT I
### Infringement of U.S. Patent No. 8,712,441

25.    Plaintiff incorporates the above paragraphs by reference.

26.    Samsung without authority, did and continues to make, use, sell, offer to sell, and/or import into the United States the Accused Products as shown above.

27.    Samsung thus has infringed at least claims 1, 3–6, 9–17, 20–24, and 27–33 of the '441 Patent literally and/or under the doctrine of equivalents.

28.    Further on information and belief, Samsung directly uses the infringing Accused Products at least because it assembled the combined infringing elements and makes them collectively available in the United States, including its Internet domain web pages.  Further, and on information and belief, Samsung has directly infringed by using the infringing Accused Products as part of its regular testing and/or internal legal compliance activities.   Such testing and/or legal compliance necessarily requires Samsung to make and use the Accused Products in an infringing manner.  Still

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT                                                                 10

further, Samsung is a direct infringer by virtue of its branding and marketing activities, which collectively comprise the sale and offering for sale of the infringing Accused Products.

29. As shown above in Figs. 2 and 3, Samsung is making, using, and offering for sale the Accused Products.

30. Additionally, upon information and belief, Samsung owns, directs, and/or controls the infringing systems and method operation of the Accused Products.

31. Samsung has been on actual notice of the '441 Patent since at least as early as 2012 when the '441 Patent disclosed during prosecution of its own patent. Accordingly, Samsung's direct and indirect infringement of the '441 Patent has been undertaken with knowledge of the patent, rendering Samsung liable for direct infringement, indirect infringement, and willful infringement. *See* https://patents.google.com/patent/US8712441B2/en?oq=8%2c712%2c441#citedBy (reflecting the "Cited By" for the '441 Patent, which confirms it was disclosed to Samsung.)

32. In the alternative, on information and belief, Samsung has a policy or practice against investigating third party patent rights, and its willful blindness qualifies for requisite knowledge of the '441 Patent. *See Estech Sys. IP, LLC v. Carvana, LLC*, No. 2:21-CV-0482-JRG-RSP, 2022 WL 17727752, at *2 (E.D. Tex. Sept. 26, 2022) (noting such an allegation is sufficient "because it provides fair notice of the allegation and the grounds upon which it rests"). Thus, the infringement of the '441 Patent by Samsung is willful.

33. In addition or in the alternative, Samsung, through its above described notice, indirectly infringed by way of inducing direct infringement by Samsung's customers and/or contributing to the infringement by Samsung's customers of the '441 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, infringing Accused Products for use

in systems that fall within the scope of the claims of the '441 Patent. This includes without limitation, one or more of the Accused Products by making, using, importing offering for sale, and/or selling such services, Samsung injured Plaintiff and is thus liable to Plaintiff for infringement of the '441 Patent under 35 U.S.C. § 271.

34.    Samsung, through its above described notice, induced infringement under Title 35 U.S.C. § 271(b). Samsung performed actions that induced infringement that Samsung knew or should have known would induce actual infringements. *See Manville Sales Corp. v. Paramount Sys., Inc.*, 917 F.2d 544, 553 (Fed.Cir.1990), quoted in *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed.Cir.2006) (*en banc* in relevant part). "[A] finding of inducement requires a threshold finding of direct infringement—either a finding of specific instances of direct infringement or a finding that the accused products necessarily infringe." *Ricoh,* 550 F.3d at 1341 (citing *ACCO Brands, Inc. v. ABA Locks Manufacturer Co*., 501 F.3d 1307, 1313, (Fed. Cir. 2007).

35.    Plaintiff will rely on direct and/or circumstantial evidence to prove the intent element. *See Fuji Photo Film Co. v. Jazz Photo Corp.*, 394 F.3d 1368, 1377 (Fed. Cir. 2005) ("A patentee may prove intent through circumstantial evidence."); *Water Techs. Corp. v. Calco, Ltd*., 850 F.2d 660, 668 (Fed. Cir. 1988) ("While proof of intent is necessary, direct evidence is not required; rather, circumstantial evidence may suffice.").

36.    Samsung has taken active steps to induce infringement, such as advertising an infringing use, which supports a finding of an intention for the accused product to be used in an infringing manner. *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd*., 545 U.S. 913, 932, 125 S. Ct. 2764, 162 L. Ed. 2d 781 (2005) (explaining that the contributory infringement doctrine "was devised to identify instances in which it may be presumed from distribution of an article in commerce that

the distributor intended the article to be used to infringe another's patent, and so may justly be held liable for that infringement").

37.    As one non-limiting example, and as shown in Figs. 2 and 3 above, Samsung, with knowledge that the Accused Products infringe, knowingly and intentionally induced direct infringement of the '441 Patent by providing instructions to its customers and end users how to use the Accused Products, including specifically how to "share your location with others." The customer and end user is provided with the functionality to share that user's location with others.

38.    Samsung has induced infringement by the customers and end users with the intent to cause infringement by them, in the alternative, with the belief that there is a high probability that they infringe the '441 Patent, but while willfully infringing and/or remaining willfully blind to the infringement.

39.    The foregoing infringement on the part of Samsung has caused injury to Plaintiff.  The specific dollar amount of damages adequate to compensate for the infringement shall be determined at trial but is in no event less than a reasonable royalty from the date of first infringement to the expiration of the '441 Patent.

40.    Each of Samsung's aforesaid activities have been without authority and/or license from Plaintiff.

41.    Plaintiff has been damaged as a result of the infringing conduct by Samsung alleged above. Thus, Samsung is liable to Plaintiff in an amount that adequately compensates it for such infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

42.    Plaintiff and/or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law.

## COUNT II
## Infringement of U.S. Patent No. 9,031,581

43.    Plaintiff incorporates the above paragraphs by reference.

44.    Samsung without authority, did and continues to make, use, sell, offer to sell, and/or import into the United States the Accused Products as shown above.

45.    Samsung thus has infringed at least claims 7, 12, 21 and 22 of the '581 Patent literally and/or under the doctrine of equivalents.

46.    Further on information and belief, Samsung directly uses the infringing Accused Products at least because it assembled the combined infringing elements and makes them collectively available in the United States, including its Internet domain web pages.  Further, and on information and belief, Samsung has directly infringed by using the infringing Accused Products as part of its regular testing and/or internal legal compliance activities.   Such testing and/or legal compliance necessarily requires Samsung to make and use the Accused Products in an infringing manner.  Still further, Samsung is a direct infringer by virtue of its branding and marketing activities, which collectively comprise the sale and offering for sale of the infringing Accused Products.

47.    As shown above in Figs. 2 and 3, Samsung is making, using, and offering for sale the Accused Products.

48.    Additionally, upon information and belief, Samsung owns, directs, and/or controls the infringing systems and method operation of the Accused Products.

49.    Samsung has been on actual notice of the '581 Patent since at least as early as September 2012. At that time, patents within the same patent family as the '581 Patent - including the '441 Patent being specifically disclosed during prosecution of one of Samsung's patents - were repeatedly disclosed to the USPTO during the prosecution of Samsung's own patent applications. The patent family of the '581 Patent indisputably encompasses the '581 Patent itself. *See Enovsys LLC v. T-Mobile*

*USA, Inc.*, No. 2:21-CV-00368-JRG, 2022 WL 3686481, at *2 (E.D. Tex. Aug. 24, 2022). Moreover, the disclosure of these closely related family patents during Samsung's own prosecution proceedings placed Samsung on constructive and actual notice of the '581 Patent specifically, particularly as Samsung would have conducted routine due diligence to assess prior art and freedom to operate. On information and belief, Samsung's standard due diligence practices for market freedom-to-operate clearance include monitoring and reviewing not only the patents directly cited during prosecution but also their related family members—whether previously filed, later filed, or subsequently issued. Accordingly, Samsung's direct and indirect infringement of the '581 Patent has been undertaken with knowledge of the patent, rendering Samsung liable for direct infringement, indirect infringement, and willful infringement. *See* https://patents.google.com/patent/US9031581B1/en?oq=9%2c031%2c581#citedBy    (reflecting the "Family to Family Citations" for the '581 Patent, which confirms the familial relationships underpinning this notice argument.)

50.    In the alternative, on information and belief, Samsung has a policy or practice against investigating third party patent rights, and its willful blindness qualifies for requisite knowledge of the '581 Patent. *See Estech Sys. IP, LLC v. Carvana, LLC*, No. 2:21-CV-0482-JRG-RSP, 2022 WL 17727752, at *2 (E.D. Tex. Sept. 26, 2022) (noting such an allegation is sufficient "because it provides fair notice of the allegation and the grounds upon which it rests"). Thus, the infringement of the '581 Patent by Samsung is willful.

51.    In addition or in the alternative, Samsung, through its above described notice, indirectly infringed by way of inducing direct infringement by Samsung's customers and/or contributing to the infringement by Samsung's customers of the '581 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing,

offering for sale, and/or selling, without license or authority, infringing Accused Products for use in systems that fall within the scope of the claims of the '581 Patent. This includes without limitation, one or more of the Accused Products by making, using, importing offering for sale, and/or selling such services, Samsung injured Plaintiff and is thus liable to Plaintiff for infringement of the '581 Patent under 35 U.S.C. § 271.

52.     Samsung, through its above described notice, induced infringement under Title 35 U.S.C. § 271(b). Samsung performed actions that induced infringement that Samsung knew or should have known would induce actual infringements. *See Manville Sales Corp. v. Paramount Sys., Inc*., 917 F.2d 544, 553 (Fed.Cir.1990), quoted in *DSU Med. Corp. v. JMS Co*., 471 F.3d 1293, 1306 (Fed.Cir.2006) (*en banc* in relevant part). "[A] finding of inducement requires a threshold finding of direct infringement—either a finding of specific instances of direct infringement or a finding that the accused products necessarily infringe." *Ricoh,* 550 F.3d at 1341 (citing *ACCO Brands, Inc. v. ABA Locks Manufacturer Co*., 501 F.3d 1307, 1313, (Fed. Cir. 2007).

53.     Plaintiff will rely on direct and/or circumstantial evidence to prove the intent element. *See Fuji Photo Film Co. v. Jazz Photo Corp.*, 394 F.3d 1368, 1377 (Fed. Cir. 2005) ("A patentee may prove intent through circumstantial evidence."); *Water Techs. Corp. v. Calco, Ltd*., 850 F.2d 660, 668 (Fed. Cir. 1988) ("While proof of intent is necessary, direct evidence is not required; rather, circumstantial evidence may suffice.").

54.     Samsung has taken active steps to induce infringement, such as advertising an infringing use, which supports a finding of an intention for the accused product to be used in an infringing manner. *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd*., 545 U.S. 913, 932, 125 S. Ct. 2764, 162 L. Ed. 2d 781 (2005) (explaining that the contributory infringement doctrine "was devised to identify instances in which it may be presumed from distribution of an article in commerce that

the distributor intended the article to be used to infringe another's patent, and so may justly be held liable for that infringement").

55.    As one non-limiting example, and as shown in Figs. 2 and 3 above, Samsung, with knowledge that the Accused Products infringe, knowingly and intentionally induced direct infringement of the '581 Patent by providing instructions to its customers and end users how to use the Accused Products, including specifically how to "share your location with others." The customer and end user is provided with the functionality to share that user's location with others.

56.    Samsung has induced infringement by the customers and end users with the intent to cause infringement by them, in the alternative, with the belief that there is a high probability that they infringe the '581 Patent, but while willfully infringing and/or remaining willfully blind to the infringement.

57.    The foregoing infringement on the part of Samsung has caused injury to Plaintiff. The specific dollar amount of damages adequate to compensate for the infringement shall be determined at trial but is in no event less than a reasonable royalty from the date of first infringement to the expiration of the '581 Patent.

58.    Each of Samsung's aforesaid activities have been without authority and/or license from Plaintiff.

59.    Plaintiff has been damaged as a result of the infringing conduct by Samsung alleged above. Thus, Samsung is liable to Plaintiff in an amount that adequately compensates it for such infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

60.    Plaintiff and/or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law.

## COUNT III
### Infringement of U.S. Patent No. 9,185,522

61.    Plaintiff incorporates the above paragraphs by reference.

62.    Samsung without authority, did and continues to make, use, sell, offer to sell, and/or import into the United States the Accused Products as shown above.

63.    Samsung thus has infringed at least claims 1, 10-12, 14-17, 20-21, 30-32, and 34-40 of the '522 Patent literally and/or under the doctrine of equivalents.

64.    Further on information and belief, Samsung directly uses the infringing Accused Products at least because it assembled the combined infringing elements and makes them collectively available in the United States, including its Internet domain web pages.  Further, and on information and belief, Samsung has directly infringed by using the infringing Accused Products as part of its regular testing and/or internal legal compliance activities.   Such testing and/or legal compliance necessarily requires Samsung to make and use the Accused Products in an infringing manner.  Still further, Samsung is a direct infringer by virtue of its branding and marketing activities, which collectively comprise the sale and offering for sale of the infringing Accused Products.

65.    As shown above in Figs. 2 and 3, Samsung is making, using, and offering for sale the Accused Products.

66.    Additionally, upon information and belief, Samsung owns, directs, and/or controls the infringing systems and method operation of the Accused Products.

67.    Samsung has been on actual notice of the '522 Patent since at least as early as September 2012. At that time, patents within the same patent family as the '522 Patent - including the '441 Patent being specifically disclosed during prosecution of one of Samsung's patents - were repeatedly disclosed to the USPTO during the prosecution of Samsung's own patent applications. The patent family of the '522 Patent indisputably encompasses the '522 Patent itself. *See Enovsys LLC v. T-Mobile*

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT                    18

*USA, Inc.*, No. 2:21-CV-00368-JRG, 2022 WL 3686481, at *2 (E.D. Tex. Aug. 24, 2022). Moreover, the disclosure of these closely related family patents during Samsung's own prosecution proceedings placed Samsung on constructive and actual notice of the '522 Patent specifically, particularly as Samsung would have conducted routine due diligence to assess prior art and freedom to operate. On information and belief, Samsung's standard due diligence practices for market freedom-to-operate clearance include monitoring and reviewing not only the patents directly cited during prosecution but also their related family members—whether previously filed, later filed, or subsequently issued. Accordingly, Samsung's direct and indirect infringement of the '522 Patent has been undertaken with knowledge of the patent, rendering Samsung liable for direct infringement, indirect infringement, and willful infringement. *See* https://patents.google.com/patent/US9185522B1/en?oq=9%2c185%2c522#citedBy    (reflecting the "Family to Family Citations" for the '522 Patent, which confirms the familial relationships underpinning this notice argument.)

68.    In the alternative, on information and belief, Samsung has a policy or practice against investigating third party patent rights, and its willful blindness qualifies for requisite knowledge of the '522 Patent. *See Estech Sys. IP, LLC v. Carvana, LLC*, No. 2:21-CV-0482-JRG-RSP, 2022 WL 17727752, at *2 (E.D. Tex. Sept. 26, 2022) (noting such an allegation is sufficient "because it provides fair notice of the allegation and the grounds upon which it rests"). Thus, the infringement of the '522 Patent by Samsung is willful.

69.    In addition or in the alternative, Samsung, through its above described notice, indirectly infringed by way of inducing direct infringement by Samsung's customers and/or contributing to the infringement by Samsung's customers of the '522 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing,

offering for sale, and/or selling, without license or authority, infringing Accused Products for use in systems that fall within the scope of the claims of the '522 Patent. This includes without limitation, one or more of the Accused Products by making, using, importing offering for sale, and/or selling such services, Samsung injured Plaintiff and is thus liable to Plaintiff for infringement of the '522 Patent under 35 U.S.C. § 271.

70.     Samsung, through its above described notice, induced infringement under Title 35 U.S.C. § 271(b). Samsung performed actions that induced infringement that Samsung knew or should have known would induce actual infringements. *See Manville Sales Corp. v. Paramount Sys., Inc*., 917 F.2d 544, 553 (Fed.Cir.1990), quoted in *DSU Med. Corp. v. JMS Co*., 471 F.3d 1293, 1306 (Fed.Cir.2006) (*en banc* in relevant part). "[A] finding of inducement requires a threshold finding of direct infringement—either a finding of specific instances of direct infringement or a finding that the accused products necessarily infringe." *Ricoh,* 550 F.3d at 1341 (citing *ACCO Brands, Inc. v. ABA Locks Manufacturer Co*., 501 F.3d 1307, 1313, (Fed. Cir. 2007).

71.     Plaintiff will rely on direct and/or circumstantial evidence to prove the intent element. *See Fuji Photo Film Co. v. Jazz Photo Corp.*, 394 F.3d 1368, 1377 (Fed. Cir. 2005) ("A patentee may prove intent through circumstantial evidence."); *Water Techs. Corp. v. Calco, Ltd*., 850 F.2d 660, 668 (Fed. Cir. 1988) ("While proof of intent is necessary, direct evidence is not required; rather, circumstantial evidence may suffice.").

72.     Samsung has taken active steps to induce infringement, such as advertising an infringing use, which supports a finding of an intention for the accused product to be used in an infringing manner. *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd*., 545 U.S. 913, 932, 125 S. Ct. 2764, 162 L. Ed. 2d 781 (2005) (explaining that the contributory infringement doctrine "was devised to identify instances in which it may be presumed from distribution of an article in commerce that

the distributor intended the article to be used to infringe another's patent, and so may justly be held liable for that infringement").

73.   As one non-limiting example, and as shown in Figs. 2 and 3 above, Samsung, with knowledge that the Accused Products infringe, knowingly and intentionally induced direct infringement of the '522 Patent by providing instructions to its customers and end users how to use the Accused Products, including specifically how to "share your location with others." The customer and end user is provided with the functionality to share that user's location with others.

74.   Samsung has induced infringement by the customers and end users with the intent to cause infringement by them, in the alternative, with the belief that there is a high probability that they infringe the '522 Patent, but while willfully infringing and/or remaining willfully blind to the infringement.

75.   The foregoing infringement on the part of Samsung has caused injury to Plaintiff.  The specific dollar amount of damages adequate to compensate for the infringement shall be determined at trial but is in no event less than a reasonable royalty from the date of first infringement to the expiration of the '522 Patent.

76.   Each of Samsung's aforesaid activities have been without authority and/or license from Plaintiff.

77.   Plaintiff has been damaged as a result of the infringing conduct by Samsung alleged above. Thus, Samsung is liable to Plaintiff in an amount that adequately compensates it for such infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

78.   Plaintiff and/or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law.

**COUNT IV**
**Infringement of U.S. Patent No. 9,253,616**

79.     Plaintiff incorporates the above paragraphs by reference.

80.     Samsung without authority, did and continues to make, use, sell, offer to sell, and/or import into the United States the Accused Products as shown above.

81.     Samsung thus has infringed at least claims 1, 2, 9-10, 14-15, and 20-21 of the '616 Patent literally and/or under the doctrine of equivalents.

82.     Further on information and belief, Samsung directly uses the infringing Accused Products at least because it assembled the combined infringing elements and makes them collectively available in the United States, including its Internet domain web pages.  Further, and on information and belief, Samsung has directly infringed by using the infringing Accused Products as part of its regular testing and/or internal legal compliance activities.   Such testing and/or legal compliance necessarily requires Samsung to make and use the Accused Products in an infringing manner.  Still further, Samsung is a direct infringer by virtue of its branding and marketing activities, which collectively comprise the sale and offering for sale of the infringing Accused Products.

83.     As shown above in Figs. 2 and 3, Samsung is making, using, and offering for sale the Accused Products.

84.     Additionally, upon information and belief, Samsung owns, directs, and/or controls the infringing systems and method operation of the Accused Products.

85.     Samsung has been on actual notice of the '616 Patent since at least as early as September 2012. At that time, patents within the same patent family as the '616 Patent - including the '441 Patent being specifically disclosed during prosecution of one of Samsung's patents - were repeatedly disclosed to the USPTO during the prosecution of Samsung's own patent applications. The patent family of the '616 Patent indisputably encompasses the '616 Patent itself. *See Enovsys LLC v. T-Mobile*

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT                              22

*USA, Inc.*, No. 2:21-CV-00368-JRG, 2022 WL 3686481, at *2 (E.D. Tex. Aug. 24, 2022). Moreover, the disclosure of these closely related family patents during Samsung's own prosecution proceedings placed Samsung on constructive and actual notice of the '616 Patent specifically, particularly as Samsung would have conducted routine due diligence to assess prior art and freedom to operate. On information and belief, Samsung's standard due diligence practices for market freedom-to-operate clearance include monitoring and reviewing not only the patents directly cited during prosecution but also their related family members—whether previously filed, later filed, or subsequently issued. Accordingly, Samsung's direct and indirect infringement of the '616 Patent has been undertaken with knowledge of the patent, rendering Samsung liable for direct infringement, indirect infringement, and willful infringement. *See* https://patents.google.com/patent/US9253616B1/en?oq=9%2c253%2c616#citedBy (reflecting the "Family to Family Citations" for the '616 Patent, which confirms the familial relationships underpinning this notice argument.)

86.     Additionally, Samsung has been on actual notice of the '616 Patent since at least as early as 2017 when the '616 Patent disclosed during prosecution of its own patent. Accordingly, Samsung's direct and indirect infringement of the '616 Patent has been undertaken with knowledge of the patent, rendering Samsung liable for direct infringement, indirect infringement, and willful infringement.                    *See* https://patents.google.com/patent/US9253616B1/en?oq=9%2c253%2c616#citedBy (reflecting the "Cited By" for the '616 Patent, which confirms it was disclosed to Samsung.)

87.     In the alternative, on information and belief, Samsung has a policy or practice against investigating third party patent rights, and its willful blindness qualifies for requisite knowledge of the '616 Patent. *See Estech Sys. IP, LLC v. Carvana, LLC*, No. 2:21-CV-0482-JRG-RSP, 2022 WL

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT                                        23

17727752, at *2 (E.D. Tex. Sept. 26, 2022) (noting such an allegation is sufficient "because it provides fair notice of the allegation and the grounds upon which it rests"). Thus, the infringement of the '616 Patent by Samsung is willful.

88.    In addition or in the alternative, Samsung, through its above described notice, indirectly infringed by way of inducing direct infringement by Samsung's customers and/or contributing to the infringement by Samsung's customers of the '616 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, infringing Accused Products for use in systems that fall within the scope of the claims of the '616 Patent. This includes without limitation, one or more of the Accused Products by making, using, importing offering for sale, and/or selling such services, Samsung injured Plaintiff and is thus liable to Plaintiff for infringement of the '616 Patent under 35 U.S.C. § 271.

89.    Samsung, through its above described notice, induced infringement under Title 35 U.S.C. § 271(b). Samsung performed actions that induced infringement that Samsung knew or should have known would induce actual infringements. *See Manville Sales Corp. v. Paramount Sys., Inc*., 917 F.2d 544, 553 (Fed.Cir.1990), quoted in *DSU Med. Corp. v. JMS Co*., 471 F.3d 1293, 1306 (Fed.Cir.2006) (*en banc* in relevant part). "[A] finding of inducement requires a threshold finding of direct infringement—either a finding of specific instances of direct infringement or a finding that the accused products necessarily infringe." *Ricoh,* 550 F.3d at 1341 (citing *ACCO Brands, Inc. v. ABA Locks Manufacturer Co*., 501 F.3d 1307, 1313, (Fed. Cir. 2007).

90.    Plaintiff will rely on direct and/or circumstantial evidence to prove the intent element. *See Fuji Photo Film Co. v. Jazz Photo Corp.*, 394 F.3d 1368, 1377 (Fed. Cir. 2005) ("A patentee may prove intent through circumstantial evidence."); *Water Techs. Corp. v. Calco, Ltd*., 850 F.2d 660, 668

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT                                        24

(Fed. Cir. 1988) ("While proof of intent is necessary, direct evidence is not required; rather, circumstantial evidence may suffice.").

91.    Samsung has taken active steps to induce infringement, such as advertising an infringing use, which supports a finding of an intention for the accused product to be used in an infringing manner. *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd*., 545 U.S. 913, 932, 125 S. Ct. 2764, 162 L. Ed. 2d 781 (2005) (explaining that the contributory infringement doctrine "was devised to identify instances in which it may be presumed from distribution of an article in commerce that the distributor intended the article to be used to infringe another's patent, and so may justly be held liable for that infringement").

92.    As one non-limiting example, and as shown in Figs. 2 and 3 above, Samsung, with knowledge that the Accused Products infringe, knowingly and intentionally induced direct infringement of the '616 Patent by providing instructions to its customers and end users how to use the Accused Products, including specifically how to "share your location with others." The customer and end user is provided with the functionality to share that user's location with others.

93.    Samsung has induced infringement by the customers and end users with the intent to cause infringement by them, in the alternative, with the belief that there is a high probability that they infringe the '616 Patent, but while willfully infringing and/or remaining willfully blind to the infringement.

94.    The foregoing infringement on the part of Samsung has caused injury to Plaintiff.  The specific dollar amount of damages adequate to compensate for the infringement shall be determined at trial but is in no event less than a reasonable royalty from the date of first infringement to the expiration of the '616 Patent.

95.    Each of Samsung's aforesaid activities have been without authority and/or license from Plaintiff.

96.    Plaintiff has been damaged as a result of the infringing conduct by Samsung alleged above. Thus, Samsung is liable to Plaintiff in an amount that adequately compensates it for such infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

97.    Plaintiff and/or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law.

## COUNT V
## Infringement of U.S. Patent No. 9,615,204

98.    Plaintiff incorporates the above paragraphs by reference.

99.    Samsung without authority, did and continues to make, use, sell, offer to sell, and/or import into the United States the Accused Products as shown above.

100.    Samsung thus has infringed at least claims 1, 2-4, 7-10, 12-14, 16-18, 21-23 and 25 of the '204 Patent literally and/or under the doctrine of equivalents.

101.    Further on information and belief, Samsung directly uses the infringing Accused Products at least because it assembled the combined infringing elements and makes them collectively available in the United States, including its Internet domain web pages.  Further, and on information and belief, Samsung has directly infringed by using the infringing Accused Products as part of its regular testing and/or internal legal compliance activities.  Such testing and/or legal compliance necessarily requires Samsung to make and use the Accused Products in an infringing manner.  Still further, Samsung is a direct infringer by virtue of its branding and marketing activities, which collectively comprise the sale and offering for sale of the infringing Accused Products.

102.    As shown above in Figs. 2 and 3, Samsung is making, using, and offering for sale the Accused Products.

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT                                      26

103.    Additionally, upon information and belief, Samsung owns, directs, and/or controls the infringing systems and method operation of the Accused Products.

104.    Samsung has been on actual notice of the '204 Patent since at least as early as September 2012. At that time, patents within the same patent family as the '204 Patent - including the '441 Patent being specifically disclosed during prosecution of one of Samsung's patents - were repeatedly disclosed to the USPTO during the prosecution of Samsung's own patent applications. The patent family of the '204 Patent indisputably encompasses the '204 Patent itself. *See Enovsys LLC v. T-Mobile USA, Inc.*, No. 2:21-CV-00368-JRG, 2022 WL 3686481, at *2 (E.D. Tex. Aug. 24, 2022). Moreover, the disclosure of these closely related family patents during Samsung's own prosecution proceedings placed Samsung on constructive and actual notice of the '204 Patent specifically, particularly as Samsung would have conducted routine due diligence to assess prior art and freedom to operate. On information and belief, Samsung's standard due diligence practices for market freedom-to-operate clearance include monitoring and reviewing not only the patents directly cited during prosecution but also their related family members—whether previously filed, later filed, or subsequently issued. Accordingly, Samsung's direct and indirect infringement of the '204 Patent has been undertaken with knowledge of the patent, rendering Samsung liable for direct infringement, indirect infringement, and willful infringement. *See* https://patents.google.com/patent/US9615204B1/en?oq=9%2c615%2c204#citedBy (reflecting the "Family to Family Citations" for the '204 Patent, which confirms the familial relationships underpinning this notice argument.)

105.    In the alternative, on information and belief, Samsung has a policy or practice against investigating third party patent rights, and its willful blindness qualifies for requisite knowledge of the '204 Patent. *See Estech Sys. IP, LLC v. Carvana, LLC*, No. 2:21-CV-0482-JRG-RSP, 2022 WL

17727752, at *2 (E.D. Tex. Sept. 26, 2022) (noting such an allegation is sufficient "because it provides fair notice of the allegation and the grounds upon which it rests"). Thus, the infringement of the '204 Patent by Samsung is willful.

106.    In addition or in the alternative, Samsung, through its above described notice, indirectly infringed by way of inducing direct infringement by Samsung's customers and/or contributing to the infringement by Samsung's customers of the '204 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, infringing Accused Products for use in systems that fall within the scope of the claims of the '204 Patent. This includes without limitation, one or more of the Accused Products by making, using, importing offering for sale, and/or selling such services, Samsung injured Plaintiff and is thus liable to Plaintiff for infringement of the '204 Patent under 35 U.S.C. § 271.

107.    Samsung, through its above described notice, induced infringement under Title 35 U.S.C. § 271(b). Samsung performed actions that induced infringement that Samsung knew or should have known would induce actual infringements. *See Manville Sales Corp. v. Paramount Sys., Inc.*, 917 F.2d 544, 553 (Fed.Cir.1990), quoted in *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed.Cir.2006) (*en banc* in relevant part). "[A] finding of inducement requires a threshold finding of direct infringement—either a finding of specific instances of direct infringement or a finding that the accused products necessarily infringe." *Ricoh,* 550 F.3d at 1341 (citing *ACCO Brands, Inc. v. ABA Locks Manufacturer Co*., 501 F.3d 1307, 1313, (Fed. Cir. 2007).

108.    Plaintiff will rely on direct and/or circumstantial evidence to prove the intent element. *See Fuji Photo Film Co. v. Jazz Photo Corp.*, 394 F.3d 1368, 1377 (Fed. Cir. 2005) ("A patentee may prove intent through circumstantial evidence."); *Water Techs. Corp. v. Calco, Ltd*., 850 F.2d 660, 668

(Fed. Cir. 1988) ("While proof of intent is necessary, direct evidence is not required; rather, circumstantial evidence may suffice.").

109.    Samsung has taken active steps to induce infringement, such as advertising an infringing use, which supports a finding of an intention for the accused product to be used in an infringing manner. *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd*., 545 U.S. 913, 932, 125 S. Ct. 2764, 162 L. Ed. 2d 781 (2005) (explaining that the contributory infringement doctrine "was devised to identify instances in which it may be presumed from distribution of an article in commerce that the distributor intended the article to be used to infringe another's patent, and so may justly be held liable for that infringement").

110.    As one non-limiting example, and as shown in Figs. 2 and 3 above, Samsung, with knowledge that the Accused Products infringe, knowingly and intentionally induced direct infringement of the '204 Patent by providing instructions to its customers and end users how to use the Accused Products, including specifically how to "share your location with others." The customer and end user is provided with the functionality to share that user's location with others.

111.    Samsung has induced infringement by the customers and end users with the intent to cause infringement by them, in the alternative, with the belief that there is a high probability that they infringe the '204 Patent, but while willfully infringing and/or remaining willfully blind to the infringement.

112.    The foregoing infringement on the part of Samsung has caused injury to Plaintiff.  The specific dollar amount of damages adequate to compensate for the infringement shall be determined at trial but is in no event less than a reasonable royalty from the date of first infringement to the expiration of the '204 Patent.

113.    Each of Samsung's aforesaid activities have been without authority and/or license from Plaintiff.

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT                                                29

114.    Plaintiff has been damaged as a result of the infringing conduct by Samsung alleged above. Thus, Samsung is liable to Plaintiff in an amount that adequately compensates it for such infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

115.    Plaintiff and/or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law.

**COUNT VI**
**Infringement of U.S. Patent No. 9,736,618**

116.    Plaintiff incorporates the above paragraphs by reference.

117.    Samsung without authority, did and continues to make, use, sell, offer to sell, and/or import into the United States the Accused Products as shown above.

118.    Samsung thus has infringed at least claims 1-8, 10, 12-16, 18-26, 28-29, and 31-36 of the '618 Patent literally and/or under the doctrine of equivalents.

119.    Further on information and belief, Samsung directly uses the infringing Accused Products at least because it assembled the combined infringing elements and makes them collectively available in the United States, including its Internet domain web pages.  Further, and on information and belief, Samsung has directly infringed by using the infringing Accused Products as part of its regular testing and/or internal legal compliance activities.  Such testing and/or legal compliance necessarily requires Samsung to make and use the Accused Products in an infringing manner.  Still further, Samsung is a direct infringer by virtue of its branding and marketing activities, which collectively comprise the sale and offering for sale of the infringing Accused Products.

120.    As shown above in Figs. 2 and 3, Samsung is making, using, and offering for sale the Accused Products.

121.    Additionally, upon information and belief, Samsung owns, directs, and/or controls the infringing systems and method operation of the Accused Products.

122.    Samsung has been on actual notice of the '618 Patent since at least as early as September 2012. At that time, patents within the same patent family as the '618 Patent - including the '441 Patent being specifically disclosed during prosecution of one of Samsung's patents - were repeatedly disclosed to the USPTO during the prosecution of Samsung's own patent applications. The patent family of the '618 Patent indisputably encompasses the '618 Patent itself. *See Enovsys LLC v. T-Mobile USA, Inc.*, No. 2:21-CV-00368-JRG, 2022 WL 3686481, at *2 (E.D. Tex. Aug. 24, 2022). Moreover, the disclosure of these closely related family patents during Samsung's own prosecution proceedings placed Samsung on constructive and actual notice of the '618 Patent specifically, particularly as Samsung would have conducted routine due diligence to assess prior art and freedom to operate. On information and belief, Samsung's standard due diligence practices for market freedom-to-operate clearance include monitoring and reviewing not only the patents directly cited during prosecution but also their related family members—whether previously filed, later filed, or subsequently issued. Accordingly, Samsung's direct and indirect infringement of the '618 Patent has been undertaken with knowledge of the patent, rendering Samsung liable for direct infringement, indirect infringement, and willful infringement. *See* https://patents.google.com/patent/US9736618B1/en?oq=9%2c736%2c618#citedBy (reflecting the "Family to Family Citations" for the '618 Patent, which confirms the familial relationships underpinning this notice argument.)

123.    In the alternative, on information and belief, Samsung has a policy or practice against investigating third party patent rights, and its willful blindness qualifies for requisite knowledge of the '618 Patent. *See Estech Sys. IP, LLC v. Carvana, LLC*, No. 2:21-CV-0482-JRG-RSP, 2022 WL

Case 2:26-cv-00122-JRG   Document 1   Filed 02/13/26   Page 32 of 35 PageID #: 32

17727752, at *2 (E.D. Tex. Sept. 26, 2022) (noting such an allegation is sufficient "because it provides fair notice of the allegation and the grounds upon which it rests"). Thus, the infringement of the '618 Patent by Samsung is willful.

124.    In addition or in the alternative, Samsung, through its above described notice, indirectly infringed by way of inducing direct infringement by Samsung's customers and/or contributing to the infringement by Samsung's customers of the '618 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, infringing Accused Products for use in systems that fall within the scope of the claims of the '618 Patent. This includes without limitation, one or more of the Accused Products by making, using, importing offering for sale, and/or selling such services, Samsung injured Plaintiff and is thus liable to Plaintiff for infringement of the '618 Patent under 35 U.S.C. § 271.

125.    Samsung, through its above described notice, induced infringement under Title 35 U.S.C. § 271(b). Samsung performed actions that induced infringement that Samsung knew or should have known would induce actual infringements. *See Manville Sales Corp. v. Paramount Sys., Inc*., 917 F.2d 544, 553 (Fed.Cir.1990), quoted in *DSU Med. Corp. v. JMS Co*., 471 F.3d 1293, 1306 (Fed.Cir.2006) (*en banc* in relevant part). "[A] finding of inducement requires a threshold finding of direct infringement—either a finding of specific instances of direct infringement or a finding that the accused products necessarily infringe." *Ricoh,* 550 F.3d at 1341 (citing *ACCO Brands, Inc. v. ABA Locks Manufacturer Co*., 501 F.3d 1307, 1313, (Fed. Cir. 2007).

126.    Plaintiff will rely on direct and/or circumstantial evidence to prove the intent element. *See Fuji Photo Film Co. v. Jazz Photo Corp.*, 394 F.3d 1368, 1377 (Fed. Cir. 2005) ("A patentee may prove intent through circumstantial evidence."); *Water Techs. Corp. v. Calco, Ltd*., 850 F.2d 660, 668

(Fed. Cir. 1988) ("While proof of intent is necessary, direct evidence is not required; rather, circumstantial evidence may suffice.").

127.    Samsung has taken active steps to induce infringement, such as advertising an infringing use, which supports a finding of an intention for the accused product to be used in an infringing manner. *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd*., 545 U.S. 913, 932, 125 S. Ct. 2764, 162 L. Ed. 2d 781 (2005) (explaining that the contributory infringement doctrine "was devised to identify instances in which it may be presumed from distribution of an article in commerce that the distributor intended the article to be used to infringe another's patent, and so may justly be held liable for that infringement").

128.    As one non-limiting example, and as shown in Figs. 2 and 3 above, Samsung, with knowledge that the Accused Products infringe, knowingly and intentionally induced direct infringement of the '618 Patent by providing instructions to its customers and end users how to use the Accused Products, including specifically how to "share your location with others." The customer and end user is provided with the functionality to share that user's location with others.

129.    Samsung has induced infringement by the customers and end users with the intent to cause infringement by them, in the alternative, with the belief that there is a high probability that they infringe the '618 Patent, but while willfully infringing and/or remaining willfully blind to the infringement.

130.    The foregoing infringement on the part of Samsung has caused injury to Plaintiff.  The specific dollar amount of damages adequate to compensate for the infringement shall be determined at trial but is in no event less than a reasonable royalty from the date of first infringement to the expiration of the '618 Patent.

131.    Each of Samsung's aforesaid activities have been without authority and/or license from Plaintiff.

132.  Plaintiff has been damaged as a result of the infringing conduct by Samsung alleged above. Thus, Samsung is liable to Plaintiff in an amount that adequately compensates it for such infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

133.  Plaintiff and/or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court enter judgment against Samsung as follows:

1.  Declaring that Samsung has infringed the Patents-in-Suit;

2.  Awarding Plaintiff its damages suffered because of Samsung's infringement of the Patents-in-Suit;

3.  Enter a judgment awarding treble damages pursuant to 35 U.S.C. §284 for Samsung's willful infringement of the Patents-in-Suit;

4.  Awarding Plaintiff its costs, reasonable attorneys' fees, expenses, and interest;

5.  Granting Plaintiff such further relief as the Court finds appropriate.

## JURY DEMAND

Plaintiff demands trial by jury, under Fed. R. Civ. P. 38.

Respectfully Submitted

*/s/* Christopher A. Honea

M. Scott Fuller
   Texas Bar No. 24036607
   sfuller@ghiplaw.com
Randall Garteiser
   Texas Bar No. 24038912
   rgarteiser@ghiplaw.com
Christopher A. Honea
   Texas Bar No. 24059967
   chonea@ghiplaw.com

**GARTEISER HONEA, PLLC**
119 W. Ferguson Street
Tyler, Texas 75702
Telephone: (903) 705-7420
Facsimile: (903) 405-3999

**ATTORNEYS FOR PLAINTIFF**